Rory C. Leisinger, Esq. (SBN: 277476)
Leisinger Law, LLP
118 N. Citrus, Ste. B
Covina, CA 91723
Tel: 626-290-2868
Rory@leisingerlaw.com
Attorney for Plaintiff,
HEATHER WHITE-FRIERSON

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| HEATHER WHITE-FRIERSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CONVERGENT OURSOURCING, INC.,<br><br>　　　　Defendants. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT
## PRELIMINARY STATEMENT

Heather White-Frierson ("Plaintiff"), sues Convergent Outsourcing, Inc. ("Defendant"), under the Fair Debt Collections Practices Act, 15 U.S.C. §1691 et seq. ("FDCPA"), and the California Fair Debt Buying Practices Act ("FDBPA"), Cal. Civ. Code § 1788.52(d)(2).

///

///

///

## JURISDICTION AND VENUE

1. Venue is proper in this judicial district under 28 U.S.C. § 1391 (b) because Defendant regularly conducts business within the Eastern District of California, and all events giving rise to the claims herein occurred in the Eastern District of California.

## PARTIES

2. Plaintiff Heather White-Frierson ("Plaintiff") is a private person residing at 4907 Mack Road, Apt. #129 Sacramento, CA 95823.

3. Defendant Convergent Outsourcing, Inc. is a debt collector within the meaning of the FDCPA because it uses the mails in a business which regularly collects and attempts to collect debts owed or due to another. Defendant has a principal place of business located at 800 SW 39th St, Renton, WA 98057.

## STATEMENT OF FACTS

4. On or about September 19, 2010, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Arizona in favor of Plaintiff (Case No. 2:10-bk-29867-SSC).

5. On or about December 27, 2010, a Discharge of Debtor for Chapter 7 Bankruptcy was entered in favor of Plaintiff.

6. On December 27, 2010, a Certificate of Notice was generated, alerting T-Mobile, one of Plaintiff's creditors, of the discharge.

7. Plaintiff has no made no payments to T-Mobile since late 2010.

8. Pursuant to the Cal. Code of Civ. Pro. § 337, the applicable statute of limitations for a written contract is four (4) years.

9. Pursuant to the Cal. Code of Civ. Pro. § 337, the statute of limitations expired in 2014.

10. On April 28, 2015, Defendant sent Plaintiff a letter with reference number 27725815, account number xxxx-6180, and stated that Plaintiff owed a debt of $981.25

11. Said letter offered Plaintiff the ability to settle the alleged debt for 50% of the outstanding balance.

12. The letter further stated "Payment required as follows:  Your payment of $490.63 is due in our office by 05-17-15.  You may endorse your payment(s) "Account Settled."  Please not that our offer will expire if not fully accepted and performed per these terms."

13. The alleged debt was time barred and Defendant could not file an action against Plaintiff or otherwise obtain a money judgment.

14. Defendant did not include language required under the California Fair Debt Buying Practices Act Ca. Civ. Code Sec. 1788.52(d)(2).

## CAUSES OF ACTION:

### COUNT I
### VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(A)

15. Plaintiff repeats the allegations contained in paragraphs 1 through 14 and incorporates them as if set forth at length herein.

16. The statute of limitations for the alleged debt owed by Plaintiff to T-Mobile expired in 2014, prior to Defendant's collection efforts on April 28, 2015.

17. Defendant attempted to collect from Plaintiff on a time-barred debt.

18. Defendant intentionally or recklessly omitted the fact that the underlying debt was time-barred.

19. Defendant falsely implied that Defendant was offering Plaintiff a bargain, that those terms would expire if Plaintiff did not pay the debt, and that Plaintiff would be subject to further debt collections activities.

20. Defendant could not engage in further collections activities and could only request that Plaintiff pay the debt.

21. Defendant's actions constitute a willful violation of 15 U.S.C. § 1692e(2)(A), and their behavior falls under no applicable exemption of the FDCPA.

## COUNT II
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10);

22. Plaintiff repeats the allegations contained in paragraphs 1 through 21 and incorporates them as if set forth at length herein.

23. Defendant sent Plaintiff a collections letter in an attempt to collect a debt allegedly owed by Plaintiff to T-Mobile.

24. Defendant could not pursue this debt through the courts, and had no means of collecting on the debt outside of harassing Plaintiff.

25. Defendant attempted to collect on the underlying debt through a collections letter that was carefully worded to make it appear as if Plaintiff was getting a bargain.

26. Defendant failed to disclose that the debt was time barred, and that Plaintiff would realize little to no benefit in paying Defendant's demand.

27. Defendant's actions constitute a willful violation of 15 U.S.C. § 1692e(10), and their behavior falls under no applicable exemption of the FDCPA.

///

///

# COUNT III
# VIOLATION OF THE CALIFORNIA FDBPA
# CAL. CIV. CODE § 1788.52(d)(2)

28. Plaintiff repeats the allegations contained in paragraphs 1 through 21 and incorporates them as if set forth at length herein.

29. Defendant is a debt buyer within the meaning of Cal. Civ. Code § 1788.50(a)(1).

30. Defendant purchased Plaintiff's "charged-off consumer debt from T-Mobile within the meaning of Cal. Civ. Code § 1788.50(a)(2).

31. Defendant sent Plaintiff a collections letter on April 28, 2015.

32. Defendant failed to include language in their letter of April 28, 2015 as required by Cal. Civ. Code § 1788.52(d)(2), advising that the debt Defendant was attempting to collect was time barred.

33. Defendant's actions constitute a willful violation of Cal. Civ. Code § 1788.52(d)(2); and their behavior falls under no applicable exemption of the FDBPA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff Heather White-Frierson, by counsel, requests that this Court enter judgment against Defendants and provide the following relief:

a. An order declaring that the Defendants' actions, as described above, violated the FDCPA as set forth herein;

b. A judgment against Defendants for violations of 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10);

c. A judgment against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1), entered jointly and severally against all three Defendants;

d.  A judgment against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00;

e.  A judgment against the Defendant for actual damages, pursuant to Cal. Civ. Code § 1788.62 (a) (2), in the amount of $1,000.00;

f.  A judgment against the Defendant for statutory damages, pursuant to Cal. Civ. Code § 1788.62 (a) (2), in the amount of $1,000.00;

g.  That the court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k (a)(3) and Cal. Civ. Code §  1788.62(c)(1), and;

h.  Such other and further relief as this court deems necessary and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 16, 2015

RESPECTFULLY SUBMITTED,

By:/s/ Rory Leisinger
Rory Leisinger, Esq.
118 N. Citrus, Suite B
Covina, CA 91723
Tel: 626-290-2868
Rory@leisingerlaw.com
Attorney for Plaintiff,
HEATHER WHITE-FRIERSON